Chester M. COWSAR et al.

v.

REGIONAL RECREATIONS, INC., et al.

Civ. A. No. 73–269.

United States District Court,
M. D. Louisiana.

Dec. 11, 1974.

---

Sumpter B. Davis, III, Cornelius J. Hyde, III, Day, Davis & Hyde, Robert C. Funderburk, Jr., Baton Rouge, La., for plaintiffs.

Karl W. Cavanaugh, Mellon & Cavanaugh, Denham Springs, La., for Regional Recreations, Inc. and Robert S. Mellon.

W. P. Wray, Jr., James M. Ross, Wray & Robinson, Baton Rouge, La., for James E. Hundemer, Carl R. Deen, Jr., Percy J. LeBlanc, L. D. Kelleher, Jr. and Claud D. Spring.

Gerard E. Kiefer, Forrest, Kiefer & Bacot, Baton Rouge, La., for Fred C. Dent.

William C. Kaufman, III, Seale, Smith & Phelps, Baton Rouge, La., for J. C. Murphy.

A. Foster Sanders, III, Spedale, Sanders, Pennington & Garraway, Ltd., Baton Rouge, La., for Dr. A. Foster Sanders, Jr.

J. Byron Stringer, Baton Rouge, La., for Bernard J. Sharkey.

Emile M. Weber, Weber, Cicero & Moak, Baton Rouge, La., for Thomas E. Zammit.

Charles N. Malone, Litton, Pierce & Malone, Baton Rouge, La., for Thomas A. Maher.

Carey Hodges, in pro. per.

**E. GORDON WEST, District Judge:**

This action grows out of alleged violations of the Securities Act of 1933, 15 U.S.C. § 77a et seq., and the Securities Exchange Act of 1934, 15 U.S.C. § 78a et seq. Eighteen motions were filed on behalf of nine defendants. Each defendant filed a motion for a more definite statement and a motion to dismiss for failure to state a claim on which relief could be granted. In view of the disposition of the motions to dismiss, all of the motions for more definite statement were denied. Plaintiffs' complaint contains six counts, the first three of which allege violations of federal law and the last three of which allege state law violations. The motions filed pertain only to the first three counts.

## COUNT I

Count I alleged violations of Sec. 5(a) and (c) of the Act [15 U.S.C. § 77e(a) & (c)] and of Sec. 12(1) & (2) of the Act [15 U.S.C. § 77l (1) & (2)]. The motions to dismiss the claims under this count were predicated on the fact that the plaintiffs' complaint failed to set forth the dates upon which the defendants allegedly violated the statutes. Since affirmative allegations of dates of violation are made necessary by Sec. 13 of the Act, [15 U.S.C. § 77m], and since that requirement has been held to be substantive, Newberg v. American Dryer Corp., 195 F.Supp. 345 (E.D.Pa.–1961); Premier Industries, Inc. v. Delaware Valley Financial Corp., 185 F.Supp. 694 (E.D.Pa.–1960); Fischman v. Raytheon Mfg. Co., 9 F.R.D. 707 (D.C.N.Y.–

1949), the Court allowed the plaintiff thirty days within which to amend or supplement his complaint. The amending and supplemental complaint affirmatively alleges that all sales and issuance of stock involved took place between December, 1966 and May, 1967. Suit was not filed until September 4, 1973. Plaintiffs then allege that "defendants fraudulently concealed their misconduct, misrepresentations and intentions from the plaintiffs" and that plaintiffs "did not have notice of defendants' misconduct, misrepresentations and concealment until February 9, 1973." The nature of the alleged fraudulent concealment was not set forth, nor was there any allegation that the exercise of due diligence would not have revealed the alleged fraudulent concealment prior to February 9, 1973. Defendants now contend that their motion to dismiss Count I should be granted for failure of the plaintiff to file this claim within the time allowed by law. Sec. 13 of the Securities Act of 1933 [15 U.S.C. § 77m] provides:

"No action shall be maintained to enforce any liability created under section 77k or 77l(2) of this title unless brought within one year after the discovery of the untrue statement or the omission, or after such discovery should have been made by the exercise of reasonable diligence, or, if the action is to enforce a liability created under section 77l(1) of this title, unless brought within one year after the violation upon which it is based. In no event shall any such action be brought to enforce a liability created under section 77k or 77l(1) of this title more than three years after the security was bona fide offered to the public, or under section 77l(2) of this title more than three years after the sale."

According to plaintiffs' allegations, the last sale of securities here involved was made in May of 1967. Suit was filed in September of 1973. Clearly more than

three years elapsed between the last sale and the filing of this suit. Thus, under the clear and unambiguous terms of Sec. 13 of the Act [15 U.S.C. § 77m], the plaintiffs' suit, as it pertains to the allegations contained in Count I has prescribed and may not be pursued. The fact that the plaintiffs contend that they did not discover the untrue statements and/or omissions until February of 1973 is immaterial. The statute is clear and unambiguous. Failure to discover, even with the exercise of due diligence, may interrupt the tolling of the one year period, see Dyer v. Eastern Trust & Banking Company, 336 F.Supp. 890 (D.C.Me.–1971); Competitive Associates, Inc. v. Fantastic Fudge, Inc., 58 F.R.D. 121 (S.D.N.Y.–1973), but no case could be found which holds that the allegations of fraudulent concealment, even if properly made, will toll the running of the three year period of limitation contained in Sec. 77m. The three year period is absolute and it runs from the date of the last sale. The Court is not unmindful of the statement contained in *Dyer*, supra, to the effect that:

"Applying federal law, it is evident that as the decided cases have consistently held, the remedial purpose of the federal securities laws is best served by making the two-year limitation period begin to run, not on the date of the contract of sale, but on the date the alleged untruth or omission is or should have been discovered." 336 F. Supp. at 906,

nor is it unmindful of the holding of the Fifth Circuit Court of Appeals in Sargent v. Genesco, Inc., 492 F.2d 750 (CA 5–1974) that:

" * * * our court-fashioned rule is that a 10b–5 claim accrues when the plaintiff actually discovers the alleged fraud." At p. 758.

The simple fact is that both of those cases were dealing with sections of the Securities Act that provided no specific statute of limitations. In such instances, the applicable limitation statute is that of the forum state. Sackett v. Beaman, 399 F.2d 884 (CA 9–1968); Dyer v. Eastern Trust & Banking Co., supra. In such cases the federal courts have decided that while the actual limitation period provided for in state law must be applied, the time of the commencement of the running of that time should be governed by federal law. Hence the courts have legislatively determined that the state period of limitation begins to run at the time of discovery of the alleged untrue statements or omissions or at the time they should have been discovered by the exercise of due diligence. But the court does not have this latitude for judicial legislation where the federal law itself specifically provides for the time within which the suit must be filed. Title 15 U.S.C. § 77m specifically provides that claims brought under Secs. 5(a) and (c) of the Act [15 U.S.C. § 77e(a) & (c)], and Sec. 12(1) and (2) [15 U.S.C. § 77l(1) & (2)] must be brought within one year of the discovery of the untrue statement or omission, or after such discovery should have been made by the exercise of due diligence, but "In no event shall any such action be brought to enforce a liability created under section 77k or 77l(1) [which provides for an action for violations of Sec. 77e] of this title more than three years after the security was bona fide offered to the public, or under section 77l(2) of this title more than three years after the sale." Thus, there is no need for the Court to apply a "court-fashioned rule" to determine when the statute of limitations in this case began to run. The federal statute itself specifically states when the time commences to run. More than three years have elapsed between the date of the last sale and the time of filing this suit, and therefore the plaintiffs' claims contained in Count I of the complaint must be dismissed as having been asserted too late.

## COUNT II

Plaintiffs' claims under Count II of the complaint are based upon alleged vi-

olations of Sec. 17(a) and (b) of the 1933 Securities Act, 15 U.S.C. § 77q(a) and 77q(b); Sec. 12(2) of the 1933 Act, 15 U.S.C. § 77*l*(2); Sec. 10(b) of the 1934 Securities Act, 15 U.S.C. § 78j(b); and 17 CFR 240.10b–5. By previous order of this court, the claims under this count based upon alleged violations of Sec. 17(a), 15 U.S.C. § 77q(a), were dismissed for the reason that no civil right of action was provided for under that statute. And now, for the same reasons hereinbefore discussed under Count I, the plaintiffs' claims urged in Count II which are based on alleged violations of Sec. 12(2) of the 1933 Act, 15 U.S.C. § 77*l*(2), must be dismissed also as being time barred. In addition to those claims in Count II, the plaintiffs also assert claims against the defendants for alleged violations of Sec. 17(b) of the 1933 Act, 15 U.S.C. § 77q(b) and Sec. 10(b) of the 1934 Act, 15 U.S.C. § 78j(b). These two statutes do not contain a statute of limitations and thus the applicable limitation of the forum state (Louisiana) must apply. Sackett v. Beaman, 399 F.2d 884 (CA 9–1968); Dyer v. Eastern Trust & Banking Company, supra. The applicable Louisiana statute is found in Sec. 715, subds. A(3), E of the Louisiana Blue Sky Law, La.–R.S. 51:701 et seq., which provides:

> "No person may sue under this section more than two years after the contract of sale."

■ While this seems to be perfectly clear and unambiguous, and while this Court believes that it should be applied exactly as written, nevertheless, the federal appellate courts have seen fit to rewrite this statute and apply their own "court-fashioned" rule to proceedings brought under these statutes. As was said in Dyer v. Eastern Trust & Banking Company, supra:

> "Applying federal law, it is evident that as the decided cases have consistently held, the remedial purpose of the federal securities law is best served by making the two-year limitation pe-

riod begin to run, not on the date of the contract of sale, but on the date the alleged untruth or omission is or should have been discovered." At pp. 906, 907 of 336 F.Supp.

That this rule is followed by the Fifth Circuit Court of Appeals is apparent from their statement in Sargent v. Genesco, Inc., 492 F.2d 750 (CA 5–1974) to the effect that:

> " * * * our court-fashioned rule is that a 10b–5 claim accrues when the plaintiff actually discovers the alleged fraud." At p. 758.

In the instant case, the plaintiffs allege that it was not until February 9, 1973, that they learned of the alleged fraud. Whether or not this is true, and whether or not by the exercise of due diligence they could have discovered the facts sooner is a material issue of fact which cannot be determined by a motion to dismiss for failure to state a claim or by a motion for summary judgment. Therefore, the defendants' motions to dismiss those portions of Count II based upon alleged violations of Sec. 17(b) of the 1933 Act, 15 U.S.C. § 77q(b) and Sec. 10(b) of the 1934 Act, 15 U.S.C. § 78j(b), and 17 CFR 240.10b–5 must be denied, reserving to the defendants, of course, the right to re-urge these motions at a later date if the evidence shows that the plaintiffs actually discovered the alleged violations more than two years prior to the filing of their complaint.

## COUNT III

Count III of the plaintiffs' complaint is based upon alleged violations of Sec. 15 of the 1933 Securities Act, 15 U.S.C. § 77o, and Secs. 16(a) and (b) of the 1934 Act, 15 U.S.C. § 78p(a) and (b).

As for the plaintiffs' claims under Sec. 16(a), 15 U.S.C. § 78p(a), they must be dismissed as there is no allegation that the securities involved are registered on a national securities exchange, which is a specific requirement for any action brought under this sec-

tion. Secondly, while this section makes it unlawful to fail to file the required statement, it gives no civil remedy to a stockholder for its violation.

While Sec. 16(b) of the 1934 Act, 15 U.S.C. § 78p(b) does provide a civil remedy, it also specifically provides that " * * * no such suit shall be brought more than two years after the date such profits were realized." Since the plaintiffs' complaint affirmatively alleges that the violations complained of occurred not later than May of 1967, the claims asserted under these statutes on September 4, 1973 have clearly prescribed. Therefore, the motions to dismiss the claims contained in Count III of the complaint and brought under Sec. 15 of the 1933 Securities Act, 15 U.S.C. § 77o, will be granted since that section provides for no civil remedy. The motions to dismiss the claims contained in Count III of the complaint brought under Sec. 16(a) of the 1934 Securities Act, 15 U.S.C. § 78p(a) will be granted since there is no allegation that the securities involved were registered on a national securities exchange and since no civil remedy is provided a stockholder under that section. And lastly, the motion to dismiss the claims contained in Count III of the complaint brought under Sec. 16(b) of the 1934 Securities Act, 15 U.S.C. § 78p(b) will be granted as these claims were time barred before the filing of this suit.

### SUMMARY

For the reasons hereinabove stated, all motions to dismiss will be granted except those directed at the plaintiffs' demands contained in Count II of the complaint and based upon alleged violations of Sec. 17(b) of the 1933 Securities Act, 15 U.S.C. § 77q(b); Sec. 10(b) of the 1934 Securities Act, 15 U.S.C. § 78j(b); and 17 CFR 240.10b–5, which motions to dismiss will be denied, and a minute entry to that effect will be entered in the record hereof.