**F. Ray PAYNE, Plaintiff,**

v.

**FIDELITY HOMES OF AMERICA, INC., Lynch Corley, L. H. Crowder, Wendell V. Clipp, H. Wayne Hammontree, U. A. Browning, G. T. Scott, Lee Boswell, Ed Purtzer, W. C. Hammontree, Emit Smith, Carlton Woodward, C. Houston Williams.**

**No. C 74–345 L(B).**

United States District Court, W. D. Kentucky, Louisville Division.

Sept. 22, 1977.

---

William T. Warner, Thomas J. Conder, Louisville, Ky., for plaintiff.

Bert T. Combs, H. Alexander Campbell, Edwin S. Hopson, Louisville, Ky., for defendant Lee Boswell.

Robert E. Sims, Louisville, Ky., for all other defendants.

## MEMORANDUM OPINION

ALLEN, Chief Judge.

This matter is before the Court on defendants' motion to dismiss on the basis of several Statutes of Limitation which argu-ably bar the action. The complaint establishes that June 26, 1970, was the last occasion on which acts were allegedly committed giving rise to plaintiff's claims. This action was filed more than four years later, on September 10, 1974. Plaintiff is seeking damages for asserted violations of Sections 5, 12, 15 and 17 of the Securities Act of 1933 (15 U.S.C. 77e, 77*l*, 77*o* and 77q), Sections 10(b) and 20 of the Securities Exchange Act of 1934 (15 U.S.C. 78j(b) and 78t), Rule 10b5 of the Securities and Exchange Commission (17 CFR 240.10b5), and "the laws of the Commonwealth of Kentucky" (Compl. at 1). Jurisdiction is maintained through Section 22 of the 1933 Act, 15 U.S.C. 77v and Section 27 of the 1934 Act, 15 U.S.C. 78aa. Plaintiff has also averred that this Court has pendent jurisdiction of all claims arising under the laws of the Commonwealth of Kentucky.

### Sections 5, 12, and 15 of the 1933 Act

■ The purpose of Section 5, 15 U.S.C. 77e, is to protect investors by requiring the filing of a registration statement relative to securities which are publicly offered or sold through the mails or through interstate commerce. See *Securities and Exchange Commission v. Continental Tobacco Co.*, 463 F.2d 137 (5th Cir. 1972). Although Section 5 does not contain within it specific language providing for investor-oriented remedies, Section 12, 15 U.S.C. 77*l*, does provide a mechanism for legal or equitable relief to private parties who have been affected by a violation of Section 5.

This section, as amended, reads:

Any person who—

(1) offers or sells a security in violation of section 77e of this title . . .

\* \* \* \* \* \*

shall be liable to the person purchasing such security from him, who may sue either at law or equity in any court of competent jurisdiction, to recover the consideration paid for such security with interest thereon, less the amount of any income received thereon, upon the tender of such security, or for damages if he no longer owns the security."

However, any claim under Section 12 must be asserted in a timely manner. In no instance may an action be brought more than three years after the offer or sale of a security. Section 13 of the 1933 Act, 15 U.S.C. 77m, provides that:

"No action shall be maintained to enforce any liability created under section 77k or 77*l*(2) of this title unless brought within one year after the discovery of the untrue statement or the omission, or after such discovery should have been made by the exercise of reasonable diligence, or, if the action is to enforce a liability created under Section 77*l*(1) of this title, unless brought within one year after the violation upon which it is based. *In no event shall any action be brought to enforce a liability created under section 77k or 77l(1) of this title more than three years after the security was bona fide offered to the public, or under section 77l (2) of this title more than three years after the sale.*" (Emphasis added.)

Since this action was filed more than four years after the last allegedly violative act of the defendants, it seems clear that the claim established under Section 12 is barred by Section 13.

Plaintiff has lamely argued, however, that the last sentence of Section 13 is not an absolute bar. He contends that the Statute is tolled until discovery by the investor of facts which constitute the fraudulent conduct. As authority, we are cited to *Parrent v. Midwest Rug Mills, Inc.*, 455 F.2d 123 (7th Cir. 1972); and *Holmberg v. Armbrecht*, 327 U.S. 392, 66 S.Ct. 582, 90 L.Ed. 743 (1946). These cases deal with matters other than the construction of Section 13 and are, therefore, immaterial. In speaking to the issue of whether the three-year periods mentioned in Section 13 act as absolute bars, Judge West in *Cowsar v. Regional Recreations, Inc.*, 65 F.R.D. 394 (M.D.La. 1974), stated that:

"The statute is clear and unambiguous. Failure to discover, even with the exercise of due diligence, may interrupt the tolling of the one year period, . . . but no case could be found which holds

that the allegations of fraudulent concealment, even if properly made, will toll the running of the three year period of limitation contained in Sec. 77m." (Citations omitted), 65 F.R.D. at 397.

More than three years have elapsed between June 26, 1970, and the time of filing this suit, and therefore, the plaintiff's claims under Section 12 must be dismissed as having been asserted too late. See also *Fischer v. International Telephone & Telegraph Corp.*, 391 F.Supp. 744 (E.D.N.Y. 1975).

■ Similarly, plaintiff's claims under Section 15, 15 U.S.C. 77o, must also be dismissed. That section attaches joint and several liability to those who aid or control persons liable under Sections 77k or 77*l* of Title 15. No claims here have been brought under 77k and those falling within the scope of 77*l* have been dismissed, supra. All claims relating to Section 15 are therefore dismissed.

### Section 17 of the 1933 Act and Section 10(b) of the 1934 Act.

■ Where Congress has not designated a period in which a federal cause of action may be brought, the Court must look to state law to ascertain the timeliness of that action. *IDS Progressive Fund, Inc. v. First of Michigan*, 533 F.2d 340, 342 (6th Cir. 1976), citing *International Union, UAW v. Hoosier Cardinal Corp.*, 383 U.S. 696, 703–704, 86 S.Ct. 1107, 1111–1112, 16 L.Ed.2d 192, and *McCluny v. Silliman*, 3 Pet. 270, 277, 7 L.Ed. 676 (1830). It is well established that the "borrowing" principle is applicable to Sections 17 of the 1933 Act and 10(b) of the 1934 Act. *IDS Progressive Fund, supra; Charney v. Thomas*, 372 F.2d 97 (6th Cir. 1967); *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 96 S.Ct. 1375, 47 L.Ed.2d 668 (1976); *Nickels v. Koehler Management Corp.*, 541 F.2d 611 (6th Cir. 1976). We are left to decide which of two Kentucky statutes is appropriate for applying a limitation on the period in which causes based upon Sections 17 and 10(b) may be brought. The defendants maintain that the three-year limitation contained in

Kentucky's "Blue Sky Law", KRS 292.-480(3), bars the present action. On the other hand, plaintiff advocates the adoption of the five-year period applicable to actions based upon common law fraud in Kentucky. KRS 413.120(12). The question whether the Kentucky blue sky period of limitations or the fraud period would better implement the federal policies underlying Rule 10b–5 and Sections 10(b) and 17 has not been ruled upon by the Sixth Circuit Court of Appeals.

The defendants have urged that if state law is to be applied, the shorter three-year blue sky statute of limitations must be adopted in view of its bearing the "closest resemblance" to Sections 17 and 10(b) and Rule 10b–5. See *Nickels*, supra at 615, quoting *Vanderboom v. Sexton*, 422 F.2d 1233, 1237–1238 (8th Cir. 1970), cert. denied, 400 U.S. 852, 91 S.Ct. 47, 27 L.Ed.2d 90 (1970). Although *Nickels* rejected the Ohio Blue Sky Law which provided the shorter period in that case, the argument is made here for distinguishing that case. At the time of the *Nickels* decision, there was no judicial pronouncement which denied the availability of coextensive remedies for securities fraud as contained in Ohio's Blue Sky or common law fraud statutes. Such a pronouncement does exist, however, in this Commonwealth. In *City of Owensboro v. First U. S. Corp.*, 534 S.W.2d 789 (1975), the Court of Appeals of Kentucky held that the singular remedy available to defrauded purchasers of securities is that provided in Kentucky's Blue Sky Law, KRS 292.310 et seq. The defendants maintain that the *Owensboro* decision sufficiently distinguishes this case from *Nickels* so as to leave no doubt that this Court must opt for the three-year limitation contained in KRS 292.480. We agree.

In *Owensboro*, the Kentucky Court of Appeals squarely faced the issue of which limitation period (Blue Sky or fraud) was applicable in actions brought under federal securities law. Writing for a unanimous court, Chief Justice Reed stated that:

"It would appear that the blue sky limitation period should apply as 'the most ap-propriate state statute applicable' to the claim. In the first place, the provisions of 15 U.S.C.A. § 77q are almost copied verbatim in the Kentucky Blue Sky Law. See KRS 292.320. In the second place, . . . the Kentucky civil remedy gives a purchaser oriented action for either intentional or negligent misrepresentation in the sale of securities. . . . The Federal Circuit Court of Appeals for the 8th Circuit applied the shorter limitations period contained in the Arkansas Blue Sky Law in *Vanderboom v. Sexton*, 422 F.2d 1233 (1970)." 534 S.W.2d at 791–792.

Although the Sixth Circuit Court of Appeals has on several occasions opted for a longer period, see e. g., *Nickels v. Koehler Management Corp.*, 541 F.2d 611 (1976), and *IDS Progressive Fund, Inc. v. First of Michigan*, 533 F.2d 340 (1976), the difference in state statutory schemes was noted by that Court in *Charney v. Thomas*, 372 F.2d 97 (1967). We deem the difference to be significant, and, accordingly, the claims under Section 17 will be dismissed. As to the Section 10(b) claims, we note that the language of the regulation promulgated under that section is virtually identical to that of KRS 292.320(1). Cf. 17 C.F.R. 240.10b–5. Therefore, the three-year limitation contained in KRS 292.480(3) will be applied to bar the Section 10(b) claims.

Wherefore, all claims brought against the defendants are dismissed for being time-barred.

A separate order has been issued in accordance with this opinion.