**Louis L. HERM et al., Plaintiffs,**

v.

**Daniel W. STAFFORD et al., Defendants.**

**No. 6651.**

United States District Court, W. D. Kentucky, Louisville Division.

Jan. 10, 1978.

On Motion to Reconsider Aug. 15, 1978.

**652**

Spencer E. Harper, Jr., William W. Davis, Louisville, Ky., J. Vernon Patrick, Jr., Birmingham, Ala., for plaintiffs.

Ivan M. Diamond, William C. Boone, Jr., Richard A. Getty, Donald H. Balleisen, Louisville, Ky., for defendant, Carling Dinkler.

## MEMORANDUM OPINION

BALLANTINE, District Judge.

This matter is before the Court on motion of defendant, Carling Dinkler, for summary judgment based on the Statute of Limitations under Kentucky Revised Statutes 292.480(3). July 10, 1970, was the latest date which gave plaintiffs notice of the alleged fraud for purposes of the commencing of the applicable limitation period. The original complaint in this action was filed on June 23, 1970, with an amended complaint filed on October 15, 1970. Not until October 20, 1972, was Dinkler named as a defendant in the second amended complaint.

The complaint alleges that Dinkler is liable under Section 10 (b) of the Securities Exchange Act of 1934 (1934 Act), 48 Stat. 891, 15 U.S.C. Section 78j (b), and Securities and Exchange Commission Rule 10b–5, 17 CFR Section 240.10b–5, for participating in the issuance of false and deceptive statements in connection with the sale of securities of Daniel Boone Fried Chicken, Inc. ("DBFC"). In the alternative, plaintiffs allege that Dinkler is liable under Section 15 of the Securities Act of 1933 (1933 Act), 48 Stat. 74, 15 U.S.C. Section 77a et seq., and Sections 20 (a) and (b) of the 1934 Act, 15 U.S.C. Section 78t, as a de facto director and controlling person of DBFC. Jurisdiction is predicated on Section 22 of the 1933 Act, 15 U.S.C. § 77v, Section 27 of the 1934 Act, 15 U.S.C. § 78aa, Section 44 of the Investment Co. Act of 1940, 15 U.S.C. Section 80a–43, and 28 U.S.C. Section 1337. The plaintiffs assert that this Court has pendent jurisdiction of all claims arising under the laws of the Commonwealth of Kentucky.

Dinkler contends that he was never a director of DBFC and that he never participated in its management or in any manner took part in the issuance of its securities, thus absolving him from liability. He contends that the applicable statute of limitations, KRS 292.480(3), bars all claims against him in any event.

The plaintiffs argue that a genuine dispute exists regarding the following facts: The time at which plaintiffs discovered or should have discovered defendant's wrongful conduct; the extent of defendants' promotional scheme to defraud investors; and the damage sustained by plaintiffs as a consequence of defendant's activities.

On May 14, 1969, Dinkler attended a gathering of several principals of DBFC at the Palm Bay Club in Miami, Florida. A press release naming Dinkler to the Board of Directors was issued, and he did not overtly dispute its contents. As President of Dinkler Hotels and a member of Transcontinental Investing Corporation, Dinkler was one of fourteen "celebrities" who were by motion added to the Board in March, 1969. However, it does not appear that Dinkler was ever elected to the Board pursuant to this motion.

■ The Court must first address defendant's argument that the applicable statute of limitations bars all claims made against him. Where no federal statute of

limitations is provided, federal courts will apply the most analogous state statute best effectuating federal securities laws. *IDS Progressive Fund, Inc. v. First of Michigan,* 533 F.2d 340, 342 (6th Cir. 1976), citing *United Automobile Workers v. Hoosier Cardinal Corp.,* 383 U.S. 696, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966). The proper limitation period for actions under Section 10 (b) of the 1934 Act is the one provided by state law. *IDS Progressive Fund,* supra; *Ernst & Ernst v. Hochfelder,* 425 U.S. 185, 96 S.Ct. 1375, 47 L.Ed.2d 668 (1976); *Nickels v. Koehler Management Corp.,* 541 F.2d 611 (6th Cir. 1976).

The applicable Statute of Limitations is either Kentucky's "Blue Sky Law", KRS 292.480 (3), or the general fraud statute, KRS 413.120. The Sixth Circuit Court of Appeals has not yet ruled whether application of the former statutory period (three years as amended June 16, 1972) or the fraud period (five years) better effectuates federal securities policies.

The Court must also decide when the applicable statute begins to run. If KRS 292.480 (3) is to be applied, it must then be determined whether to impose the amended three year period or the two year period under prior law.

In *City of Owensboro v. First U.S. Corp.,* 534 S.W.2d 789 (1975), the Court of Appeals of Kentucky held that the Blue Sky limitation period was applicable to actions brought for violations of federal securities law. The Court was unanimous in the *Owensboro* decision, upholding two earlier cases construing the two year period under KRS 292.480 (3) as "the most appropriate state statute applicable" under the federal securities claim. See *First State Bank of Pineville v. Slusher,* 267 Ky. 190, 101 S.W.2d 661 (1937); *Thomas v. Fidelity & Casualty Co. of N.Y.,* 258 Ky. 360, 80 S.W.2d 8 (1935).

■ In *Payne v. Fidelity Homes of America, Inc.,* 437 F.Supp. 656 (W.D.Ky. 1977), the Court noted that the Sixth Circuit has occasionally applied the fraud period where differences in the statutory schemes warranted such application. However, the language of § 10 (b) is nearly identical to that of KRS 292.320 (1). Cf. 17 CFR 240.480 (3). The limitation period of KRS 292.480 (3) will therefore be applied to bar the § 10 (b) claims.

■ The Statute of Limitations in federal fraud cases begins to run upon discovery of the fraud or when the plaintiff could, with reasonable diligence, have discovered the fraud. *Holmberg v. Armbrecht,* 327 U.S. 392, 66 S.Ct. 582, 90 L.Ed. 743 (1946). The defendant has cited three events which together should have put the plaintiffs on notice of Daniel Boone's misrepresentations and omissions: (1) The suspension of trading in Daniel Boone stock July 24, 1969; (2) The initiation of insolvency proceedings in Fayette Circuit Court, Lexington, Kentucky, on June 5, 1970; and (3) Action by the Securities Exchange Commission against Daniel Boone July 10, 1970.

■ The Kentucky press widely reported the events surrounding Daniel Boone's financial collapse and the securities fraud. Defendant contends that by no later than July 10, 1970, such publicity put shareholders on notice of the situation. In *Morgan v. Koch,* 419 F.2d 993 (7th Cir. 1969), the plaintiff failed to exercise due diligence to discover facts giving rise to federal claims. Just as in *Morgan,* the circumstances and publicity generated by Daniel Boone's demise should have aroused the suspicion of the plaintiffs. Certainly the suspension of stock trading, initiation of insolvency proceedings and SEC action against Daniel Boone should have given shareholders adequate notice that something was amiss.

The plaintiffs argue that these events did not give notice as to the activities of Dinkler himself. Dinkler's involvement in the scheme was at the earliest discoverable on April 3, 1971. On that date Roger Reece, the public relations consultant who arranged the May 14, 1969, press conference, informed plaintiffs' attorneys that Dinkler had in fact approved the press release and had posed for promotional pictures in Miami. If the Court finds the Blue Sky limitation applicable, then the second amended complaint was timely filed after the April, 1971, disclosure by Reece.

■ The defendant counters this argument by stating that complete details of the transaction need not be known to put the plaintiffs on notice. Sufficient information which would put a reasonable person on notice will start the running of the Statute of Limitations. *New Amsterdam Casualty Co. v. Waller,* 323 F.2d 20, 26 (4th Cir. 1963), cert. denied, 376 U.S. 963, 84 S.Ct. 1124, 11 L.Ed.2d 981 (1964). The commencement of the statutory period does not depend upon plaintiff's discovery of the full details of the alleged scheme. *Klein v. Bower,* 421 F.2d 338 (2nd Cir. 1970); *Talmadge v. United States Shipping Board,* 54 F.2d 240, 243 (2nd Cir. 1931) (L. Hand, J.); *Berry Petroleum Company v. Adams & Peck,* 518 F.2d 402, 410 (2nd Cir. 1975). The cumulative effect of the stop trade order, insolvency proceedings and SEC injunctive action clearly yielded sufficient information to put shareholders on notice of the fraud.

■ The Blue Sky limitation period was amended effective June 16, 1972, extending the time period to three years. Prior to that date, and no later than July 10, 1970, the plaintiffs were put on notice of the alleged fraudulent activities. The former two year period under KRS 292.480 (3) therefore applies to bar the action against Dinkler, who was not named as a defendant until October 20, 1972.

The plaintiffs further contend that the addition of Dinkler in the second amended complaint relates back to the filing date of the original complaint or the first amended complaint under F.R.Civ.P. 15 (c).

The Rule, as amended effective July 1, 1966, reads as follows:

Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment

(1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

■ The general rule is that Rule 15 (c) will not apply to an amendment which substitutes or adds a new party or parties for those brought before the Court by the original pleadings, whether plaintiff or defendant. *Marlowe v. Fisher Body,* 489 F.2d 1057 (6th Cir. 1973). Such an alteration constitutes a new cause of action, and if the amendment were allowed to relate back in that situation, the purpose of the Statute of Limitations would be defeated. *United States v. Western Casualty & Surety Co.,* 359 F.2d 521, 523 (6th Cir. 1966); *Hagemen v. Signal L. P. Gas, Inc.,* 486 F.2d 479, 484 (6th Cir. 1973). The 1966 amendment to F.R.Civ.P. 15 (c), which permits correction of misnomers, does not permit the addition or substitution of new parties. *Marlowe,* supra at 1064, citing *Graves v. General Insurance Corporation,* 412 F.2d 583 (10th Cir. 1969). See 3 Moore's Federal Practice, Section 15.15 (4.1).

■ Plaintiffs' claims under Section 15 of the 1933 Act, 15 U.S.C. Section 77*o*, have also been brought too late. Joint and several liability arises for those who aid or control persons liable under Sections 77k or 77*l* of Title 15. The applicable statute of limitations is set forth in Section 77m, which reads as follows:

"No action shall be maintained to enforce any liability created under section 77k or 77*l* (2) of this title unless brought within one year after the discovery of the untrue statement or the omission, or after such discovery should have been made by the exercise of reasonable diligence, or, if the action is to enforce a liability created under section 77*l* (1) of this title, unless brought within one year after the violation upon which it is based. In no event shall any such action be brought to enforce a liability created under section

77k or 77*l* (1) of this title more than three years after the security was bona fide offered to the public, or under section 77*l* (2) of this title more than three years after the sale.

The Statute begins to run in accordance with the "reasonable diligence" standard of the 1934 Act, but is limited to a one-year period rather than two as previously discussed.

Therefore, the motion for summary judgment shall be granted in favor of defendant, Carling Dinkler. An appropriate Order has been entered this 9th day of January, 1978.

## ON MOTION TO RECONSIDER

BALLANTINE, District Judge.

The plaintiffs have asked the Court to reconsider and vacate the Order entered January 10, 1978, granting summary judgment in favor of defendant, Carling Dinkler. Plaintiffs contend that the applicable statute of limitations does not bar the action.

Dinkler allegedly violated Section 10 (b) of the Securities Exchange Act of 1934, 48 Stat. 891, 15 U.S.C. Section 78j (b), and Securities and Exchange Commission Rule 10b–5, 17 C.F.R. Section 240.10b–5. Alternatively, plaintiffs alleged that Dinkler was liable under Section 15 of the Securities Act of 1933, 48 Stat. 74, 15 U.S.C. Section 77a et seq., and Section 78t.

Plaintiffs' claims under Section 15 of the 1933 Act are barred by the statute of limitations set forth in 15 U.S.C. Section 77m [1]. The Court must next determine whether or not the claims for alleged violations under Sections 10 (b), 20 (a) and (b) of the 1934 Act, and Rule 10b–5 are likewise time-barred.

The 1934 Securities Act does not contain a statute of limitations. The Court must apply the state statute of limitations which best implements the policy of the federal statute in question. *AFL-CIO v. Hoosier Cardinal Corp.,* 383 U.S. 696, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966); *Gaudin v. KDI Corp.,* 576 F.2d 708 (6th Cir. 1978). The "borrowing" principle is applicable to Sections 10 (b) and 20 (a) and (b) of the 1934 Act. *IDS Progressive Fund, Inc. v. First of Michigan,* 533 F.2d 340 (6th Cir. 1976); *Gaudin,* supra. Kentucky has two statutes to be considered. Defendants contend that the limitation period contained in Kentucky's "Blue Sky Law", KRS 292.480 (3), bars the present action. Plaintiffs argue that the statute of limitations applicable to general fraud, KRS 413.120, should be applied. The Sixth Circuit Court of Appeals has not ruled whether the Kentucky blue sky period of limitations (three years as amended June 16, 1972) or the fraud period (five years) better effectuates the federal policies underlying Rule 10b–5 and Sections 10 (b) and 20 (a) and (b).

The Court is well aware that on occasion the Sixth Circuit Court of Appeals has rejected blue sky limitation periods in favor of common law fraud statutes. See, e. g., *Nickels v. Koehler Management Corp.,* 541 F.2d 611 (1976), and *IDS Progressive Fund,* supra. However, in *Payne v. Fidelity Homes of America, Inc.,* 437 F.Supp. 656 (W.D.Ky.1977), a distinction was made between the state of the law in Ohio when *Nickels* was decided and the law of Kentucky which this Court must follow:

"At the time of the *Nickels* decision, there was no judicial pronouncement which denied the availability of coextensive remedies for securities fraud as contained in Ohio's Blue Sky or common law

---

1. Limitation of actions.

No action shall be maintained to enforce any liability created under section 77k or 77*l* (2) of this title unless brought within one year after the discovery of the untrue statement or the omission, or after such discovery should have been made by the exercise of reasonable diligence, or, if the action is to enforce a liability created under section 77*l* (1) of this title, unless

brought within one year after the violation upon which it is based. In no event shall any such action be brought to enforce a liability created under section 77k or 77*l* (1) of this title more than three years after the security was bona fide offered to the public, or under section 77*l* (2) of this title more than three years after the sale. 15 U.S.C. § 77m.

fraud statutes. Such a pronouncement does exist in this Commonwealth. In *City of Owensboro v. First U.S. Corp.,* 534 S.W.2d 789 (1975), the Court of Appeals of Kentucky held that the singular remedy available to defrauded purchasers of securities is that provided in Kentucky's Blue Sky Law, KRS 292.310 et seq. The defendants maintain that the *Owensboro* decision sufficiently distinguishes this case from *Nickels* so as to leave no doubt that this Court must opt for the three-year limitation contained in KRS 292.480. We agree." *Payne,* supra at 659.

The Court in *Payne* disposed of the Section 10 (b) claims, noting "that the language of the regulation promulgated under that section is virtually identical to that of KRS 292.320 (1). Cf. 17 C.F.R. 240.10b–5." The blue sky limitation period must therefore be applied to bar the Section 10 (b) claims. As for the Section 20 claims, the language of 15 U.S.C. Section 78t and KRS 292.480 are not nearly identical. However, two long standing cases previously cited by the Court support the application of the Kentucky Blue Sky Law statute of limitations period. See *Thomas v. Fidelity & Casualty Co. of New York,* 258 Ky. 360, 80 S.W.2d 8 (1935), and *First Bank of Pineville v. Slusher,* 267 Ky. 190, 101 S.W.2d 661 (1937). Plaintiffs' Section 20 claims will therefore be dismissed.

The Court must next decide whether to apply the amended three year period or the former two year period under KRS 292.480 (3). Defendants contend that the two year period is applicable, and that any cause of action had expired before the statute was extended. Under federal law a statute of limitations begins to run when "the fraud is or should have been discovered." *Gaudin,* supra at 712, quoting *Vanderboom v. Sexton,* 422 F.2d 1233 (8th Cir. 1970).

Federal law also applies to determine the date on which the statute of limitations begins to run. *Holmberg v. Armbrecht,* 327 U.S. 392, 66 S.Ct. 582, 90 L.Ed. 743 (1946); *Bailey v. Glover,* 88 U.S. 342, 22 L.Ed. 636 (1875); *Gaudin,* supra at 712; *Hupp v. Gray,* 500 F.2d 993 (7th Cir. 1974).

In *Gaudin,* the Sixth Circuit Court of Appeals discussed indicia of when fraud should be discovered:

"In light of the failure of KDI stock to be listed on the New York Stock Exchange between April, 1970 and December, 1970, the precipitous and steady decline in the price of the KDI stock sold over-the-counter during the same period, and other lawsuits filed prior to the December 21, 1970, meeting, the plaintiffs with reasonable diligence could and should have discovered the alleged fraud prior to January of 1971." *Gaudin,* supra at 712.

The defendants have cited several events which should have put shareholders on notice of the fraud: (1) the suspension of trading in Daniel Boone stock July 24, 1969; (2) the initiation of insolvency proceedings in Fayette Circuit Court, Lexington, Kentucky, on June 5, 1970; and (3) action by the Securities and Exchange Commission against Daniel Boone July 10, 1970.

Defendants assert that upon suspension of trading of Daniel Boone securities on June 24, 1969, the statute of limitations began to run, and that the action died two years later on June 24, 1971, before Dinkler was named a party defendant. Dinkler had attended a public meeting on May 14, 1969, which became the basis for his alleged fraudulent involvement. Defendants further claim that nothing prevented plaintiffs from discovering Dinkler's alleged involvement.

In *Sparrow v. Zappa,* No. 7563–B (W.D. Ky.1973), the Court chose to apply the two year period if plaintiffs "did discover or should have discovered the alleged misrepresentation prior to June 16, 1972," on which date the period was extended to three years. It is obvious here that the suspension of stock trading, initiation of insolvency proceedings and Securities and Exchange Commission action against Daniel Boone gave shareholders adequate notice that all was not well at Daniel Boone Fried Chicken long before June 16, 1972. The Court holds that as a matter of law the

prior two year statute of limitations under KRS 292.480 (3) began to run on July 10, 1970. Not until October 20, 1972, was Dinkler named as a party defendant. Accordingly, the Court holds that the second amended complaint was not timely filed as to defendant Dinkler, and that he is entitled to summary judgment.

The plaintiffs' motion for reconsideration of this Court's order of January 10, 1978, is therefore denied. An appropriate Order has been entered this 15th day of August, 1978.

See also, D.C., 455 F.Supp. 650.