UNITED STATES of America, for the use of Watson Food Service Industries, Inc., Plaintiff,

v.

CHAPMAN CONSTRUCTION, INC., a corporation; and St. Paul Fire and Marine Insurance Company, a corporation, Defendants.

Civ. No. 79–107–D.

United States District Court, W. D. Oklahoma.

May 15, 1979.

Joseph F. Lollman, Tulsa, Okl., Donald A. Pape, Norman, Okl., for plaintiff.

Byrne A. Bowman, Oklahoma City, Okl., for defendants.

## ORDER

DAUGHERTY, Chief Judge.

This is an action brought by Use Plaintiff Watson Food Service Industries, Inc. under the Miller Act, 40 U.S.C. §§ 270a–270d, to recover damages for materials and labor furnished by Use Plaintiff to Defendant Chapman Construction, Inc. (Chapman) for use in the performance of a government contract. United Pacific Insurance Company (United Pacific) was named as a defendant in the original Complaint and was alleged to have been the surety of Defendant Chapman. However, Defendant St. Paul Fire and Marine Insurance Company (St. Paul) was named as the defendant and surety in the Amended Complaint and United Pacific was dismissed without prejudice by the Court on March 22, 1979.

Defendant St. Paul has filed herein a Motion to Dismiss this action on the grounds that suit was not filed against it within one year after Use Plaintiff last performed labor or supplied materials to Defendant Chapman as required under 40 U.S.C. § 270b(b).[1] Said Motion is supported

---

1. § 270b(b) provides in part:

"(b) Every suit instituted under this section shall be brought in the name of the United States for the use of the person suing, in the United States District Court for any district in which the contract was to be performed and executed and not elsewhere, irrespective of the amount in controversy in such

by a Brief and Use Plaintiff has filed a Brief in opposition thereto.

Both the Original Complaint and the Amended Complaint allege that Use Plaintiff last performed labor and supplied materials to Defendant Chapman on February 8, 1978. The original Complaint was filed on February 1, 1979, within the one-year limitation period of § 270b(b). The Amended Complaint was filed on March 22, 1979, outside the one-year limitation period of § 270b(b). However, Use Plaintiff contends that the Amended Complaint relates back to the filing of the original Complaint pursuant to Rule 15(c), Federal Rules of Civil Procedure.

 Rule 15(c), *supra*, provides in part: "(c) *Relation Back of Amendments.* Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him."

Rule 15(c) generally does not apply to an amendment which substitutes or adds a new party or parties for those brought before the Court by the original pleadings, whether plaintiff or defendant. *Marlowe v. Fisher Body*, 489 F.2d 1057, 1064 (Sixth Cir. 1973); *Graves v. General Insurance Corp.*, 412 F.2d 583, 585 (Tenth Cir. 1969); *Herm v. Stafford*, 455 F.Supp. 650, 654 (W.D.Ky. 1978). Substitution of a completely new defendant creates a new cause of action. *Graves v. General Insurance Corp., supra; United States ex rel. Statham Instruments, Inc. v. Western Casualty & Surety Co., supra; Herm v. Stafford, supra.* To allow such an amendment to relate back would undermine the policy upon which the statute of limitations is based. *Id.* Furthermore, *United States ex rel. Statham Instruments, Inc. v. Western Casualty & Surety Co., supra,* held in the context of a Miller Act case that an amended complaint filed after the expiration of the one-year limitation period provided by § 270b(b) and which added the actual surety of the defendant prime contractor as a party defendant did not relate back to the filing of the original complaint against the defendant prime contractor and an insurance company erroneously thought to be the surety of the contractor. Moreover, Plaintiff has made no showing in connection with the Motion under consideration to bring Defendant St. Paul within the provisions of subsections (1) and (2) of Rule 15(c) or that the one-year limitation period of § 270b(b) had been tolled.

In view of the foregoing, the Court determines that the Amended Complaint against Defendant St. Paul does not relate back to the filing of the original Complaint. Therefore, Use Plaintiff's action against said Defendant was not commenced within the one-year time limit prescribed by § 270b(b). Accordingly, the Court finds and concludes that Defendant St. Paul's Motion to Dismiss should be granted and this action dismissed

suit, *but no such suit shall be commenced after the expiration of one year after the day on which the last of the labor was performed or material was supplied by him."* (Emphasis added).

It is clearly established that the one-year limitation of § 270b(b) is jurisdictional. *See United States ex rel. Harvey Gulf International Marine, Inc. v. Maryland Casualty Co.,* 573 F.2d 245, 247 (Fifth Cir. 1978); *United States ex rel.*

*Celanese Coatings Co. v. Gullard,* 504 F.2d 466, 468 (Ninth Cir. 1974); *United States ex rel. Material Service Division of General Dynamics Corp. v. Home Indemnity Co.,* 489 F.2d 1004, 1005 (Seventh Cir. 1973); *United States ex rel. Statham Instruments, Inc. v. Western Casualty & Surety Co.,* 359 F.2d 521, 523 (Sixth Cir. 1966); *United States ex rel. Soda v. Montgomery,* 253 F.2d 509, 512 (Third Cir. 1958).

insofar as recovery is sought against said
Defendant.