**Louis L. HERM et al., Plaintiffs,**

v.

**Daniel W. STAFFORD et al., Defendants.**

**No. 6651.**

United States District Court,
W. D. Kentucky,
Louisville Division.

Dec. 8, 1978.

Spencer E. Harper, Jr., William W. Davis, Louisville, Ky., J. Vernon Patrick, Birmingham, Ala., for plaintiffs.

John R. Climaco, Shimon Kaplan, Cleveland, Ohio, for defendant, Sammy Davis, Jr.

## MEMORANDUM

On Motion for Summary Judgment

BALLANTINE, District Judge.

This matter is before the Court on motion of defendant, Sammy Davis, Jr., for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. The motion is based upon Davis' contention that the action is barred by the applicable statute of limitations, Kentucky Revised Statutes (KRS) 292.480(3).

This action arose from alleged securities irregularities involving Daniel Boone Fried Chicken Corp. (DBFC), a Kentucky corporation. Davis, a well-known entertainer, was named a party defendant in the second amended complaint filed on October 20, 1972. The complaint alleged violations of the Securities Act of 1933, 15 U.S.C. Section 77a et seq., the Securities Exchange Act of 1934, 15 U.S.C. Section 78a et seq., the Investment Company Act of 1940, 15 U.S.C. Section 80a–1 et seq., and Kentucky state law. Davis' liability was premised upon his being a "controlling person" of DBFC, as defined by Section 15 of the 1933 Act, 15 U.S.C. Section 77o, and Section 20 of the 1934 Act, 15 U.S.C. Section 78t. Davis was

also cast as a "de facto" or "de jure" director of DBFC. Plaintiffs claim that Davis is responsible for various violations of the Securities Acts, including failure to publish an adequate prospectus, failure to disclose material facts, and material misrepresentations and untrue statements in advertisements, press releases, brochures and financial reports.

Davis became involved with DBFC in March, 1969, when he met defendants A. B. Chandler, Sr., Dan Stafford and Leonard Nave, among others, in Reno, Nevada. Davis agreed to have his picture taken with this group (Plf's Ex. 82), and he understood his function to involve only promotional and public relations activities (Davis Depo. 16). Davis perceived his role with DBFC as that of a celebrity, an "advertising puppet", to use defendant's own words.

Davis has asserted his naivete in certain matters during the time in question, leaving all business affairs to his partner, Sy March, a longtime friend and associate. Davis' busy schedule supposedly accounted for his lack of business acumen. He contends that DBFC misrepresented his connection with the company; that he was never involved in the business affairs of DBFC; that he never agreed to serve on the board of directors; and that he was never elected to the board. Further, he did not attend any meetings of shareholders or directors, nor did he solicit any franchises. Two of Davis' former employees, Joe Grant and Walter Mason, were hired by DBFC to sell franchises, but they were not Davis' agents in those endeavors.

█ The principal claims against Davis involve Section 10(b) of the 1934 Act, 15 U.S.C. Section 78(j)b, and Security and Exchange Commission (SEC) Rule 10b–5 promulgated thereunder, 17 C.F.R. Section 240.10b–5, both of which prohibit the use of any manipulative or deceptive device or contrivance in the sale of securities. The 1934 Act contains no statutorily prescribed limitations period. Federal courts must therefore apply the limitations period of analogous state causes of action to determine the limitations period for Section 10(b)

and its correlative rule. *Ernst & Ernst v. Hochfelder,* 425 U.S. 185, 96 S.Ct. 1375, 47 L.Ed.2d 668 (1976); *Cook v. Avien, Inc.,* 573 F.2d 685, 694 (1st Cir. 1978); *See also Holmberg v. Armbrecht,* 327 U.S. 392, 66 S.Ct. 582, 90 L.Ed. 743 (1946); *Tomera v. Galt,* 511 F.2d 504, 509 (7th Cir. 1975). This court has ruled that the limitations period under KRS 292.480(3) should be applied in order to effectuate federal securities policies. *See Herm v. Stafford,* 455 F.Supp. 650 (W.D.Ky. 1978).

█ Davis contends that the statute began to run on July 24, 1969, when trading in DBFC stock was suspended. Plaintiffs argue that all trading was not suspended, but only trading by one particular brokerage firm dealing in DBFC securities. Nevertheless, the cumulative effect of such suspension, the initiation of insolvency proceedings, and SEC action against DBFC commenced running of the statute of limitations by July 10, 1970. Likewise, the court adheres to its previous ruling that the former two year limitation period should be applied rather than the amended three year period. The Section 10(b) claims are therefore barred against Davis, who was not named as a defendant until October 20, 1972. Plaintiffs' claims under Section 15 of the 1933 Act are also time-barred. Joint and several liability arises under Section 77k or 77l of Title 15. The applicable statute of limitations is set forth in Section 77m, which limits institution of such actions to a one-year period. 15 U.S.C. Section 77m.

Therefore, the motion for summary judgment shall be granted in favor of defendant, Sammy Davis, Jr. An appropriate Order has been entered this 8th day of December, 1978.