Louis L. HERM et al., Plaintiffs,

v.

Daniel W. STAFFORD et al., Defendants.

No. 6651–B.

United States District Court, W. D. Kentucky, Louisville Division.

March 27, 1981.

Spencer E. Harper, Jr., William W. Davis, Louisville, Ky., J. Vernon Patrick, Jr., Birmingham, Ala., for plaintiffs.

Ben Cooper, Richard Getty, Louisville, Ky., for defendants Arnold and Morgan.

## MEMORANDUM

BALLANTINE, District Judge.

This matter is before the Court on the motion of the defendants, Joseph L. Arnold and John W. Morgan, for summary judgment. The moving defendants were named in a second amended complaint which was filed October 20, 1972. We will consider the motions separately.

On September 5, 1978, the Court denied a similar motion by these defendants and granted leave to plaintiffs to amend their second amended complaint to set forth with particularity the circumstances giving rise to their claim of fraudulent concealment. F.R.Civ.P. 9(b).

The amendment to the second amended complaint filed by the plaintiffs reads as follows:

"3. The acts, practices, omissions, courses of business dealings, and transactions complained of herein which were practiced and carried out by certain of the Defendants, were accomplished or carried out in a clandestine and circuitous fashion in order to conceal from the Plaintiffs the illegal nature thereof. Because of Defendants' wrongful concealment of their actions, Plaintiffs did not have knowledge of such acts, practices, omissions, courses of business dealings and transactions, or of any fact which might have led to the discovery thereof nor could Plaintiffs have obtained such knowledge by reasonable diligence prior to the applicable limitations periods next preceding the filing of this Second Amended Complaint."

The history of the troubles of Daniel Boone Fried Chicken (DBFC) has been set forth in previous memoranda by the Court and will not be repeated here. *See, e. g., Herm v. Stafford,* 455 F.Supp. 650 (W.D. Ky., 1978); 455 F.Supp. 657 (W.D.Ky.1978); 461 F.Supp. 502 (W.D.Ky.1978); 461 F.Supp. 508 (W.D.Ky.1978); 461 F.Supp. 515 (W.D.Ky.1978).

## ARNOLD

At the outset we set forth the chronology of what we believe to be the significant dates as they relate to Arnold:

April, 1969, Arnold's law firm was retained by DBFC;

6/21/69   Arnold agreed, subject to certain conditions, to purchase about 35% of DBFC stock.

6/30/69   Dale Coenen, A. B. Chandler, Sr. and Arnold were elected to the Board of Directors of DBFC.

7/24/69   Kentucky Division of Securities suspended trading in DBFC stock.

1/30/70   A civil action was commenced in the Fayette Circuit Court alleging, inter alia, the insolvency of DBFC.

6/6/70   A receiver for DBFC was appointed by the Fayette Circuit Court.

7/10/70   The Securities and Exchange Commission instituted an action in the United States District Court for the Eastern District of Kentucky seeking an injunction against DBFC.

10/20/70   An injunction was granted by the U.S. District Court directing DBFC to cease operation.

Except for Arnold's retention by DBFC, news of each of the events listed above was widely disseminated either by mail or by media coverage.

The Court has previously held that the pivotal date for determining when the statute of limitations began to run is July 10, 1970, the date the SEC action was commenced. The Court has further held that the two-year statute of limitations then contained in the Kentucky Blue Sky Law, KRS 292.480(3), is to be applied as opposed to the general statute of limitations for common law fraud, KRS 413.120. We are not persuaded to recede from this holding, particularly in light of the recent case of *Carothers v. Rice,* 633 F.2d 7 (6th Cir. 1980), cert. denied —— U.S. ——, 101 S.Ct. 1702, 68 L.Ed.2d 199 (1981).

■ We thus conclude that the action against Arnold is time-barred unless plaintiffs have pleaded circumstances giving rise to their claim of fraudulent concealment with particularity.

In *Dayco Corp. v. Goodyear Tire and Rubber Co.,* 523 F.2d 389 (6th Cir. 1975), from which the language in the paragraph immediately above is taken, the Court articulated three elements which must be pleaded in order to establish fraudulent concealment:

"(1) wrongful concealment of their actions by the defendants; (2) failure of the plaintiff to discover the operative facts that are the basis of his cause of action within the limitations period; and (3) plaintiff's due diligence until discovery of the fact." 523 F.2d at 394.

■ Although the amendment to the second amended complaint contains conclusory allegations tracking the language in *Dayco,* we cannot see how the allegations are pleaded with particularity. On the contrary, the events recited above are facts which should have excited plaintiffs' suspicion that there was, quite literally, a fox in the chicken house. As the Court said in *Dayco, supra:*

"The Supreme Court case of *Wood v. Carpenter,* [101 U.S. 135, 25 L.Ed. 807 (1879)], *supra,* long ago established the standards for pleading fraudulent concealment. The Court said that an injured party has a positive duty to use diligence in discovering his cause of action within the limitations period. Any fact that should excite his suspicion is the same as actual knowledge of his entire claim. Indeed, 'the means of knowledge are the same thing in effect as knowledge itself.' 101 U.S. at 143. If the plaintiff has delayed beyond the limitations period, he must fully plead the facts and circum-

stances surrounding his belated discovery 'and the delay which has occurred must be shown to be consistent with the requisite diligence.' 101 U.S. at 143. Our own recent decision in *Akron Presform Mold Co.*, [*McNeil Mold Co. v. Akron Presform*, 496 F.2d 230 (6th Cir.), *cert. denied*, 419 U.S. 997, 95 S.Ct. 310, 42 L.Ed.2d 270 (1974)], *supra*, applied the same standards to the Clayton Act statute of limitations. See *also Willmar Poultry Co. v. Morton-Norwich Products, Inc.*, 520 F.2d 289 (8th Cir. 1975).

After listing the substantive elements of the alleged antitrust violation, Dayco pleaded that even though it had used all due diligence it could not have discovered its cause of action any earlier than 1973, when the government filed a complaint against these defendants. Aside from the fact that *Dayco's mere allegation of due diligence without asserting what steps were taken is insufficient under the Wood standard*, the district court had before it in memoranda filed in connection with the motions other facts and circumstances that required an explanation by Dayco. In 1959, the United States Congress conducted hearings that explored some of the same violations complained of by Dayco. Also, in 1961, industry-wide publicity was given to a Federal Trade Commission suit describing Goodyear's sales commission plans that ended in a cease and desist order. As the district court held, the congressional proceedings should have aroused Dayco's suspicions, and its failure to investigate further at that time was not the exercise of due diligence required in order to employ the fraudulent concealment doctrine to avoid the bar of the statute of limitations." (Emphasis added.) 523 F.2d at 394.

We determine that the emphasized quotation from *Dayco* clearly demonstrates the inadequacy of plaintiff's amended complaint. The mere allegations of clandestine and circuitous practices by Arnold and Morgan are not enough.

As in *Dayco*, this Court has before it the entire record, presently consisting of 14 volumes, exclusive of depositions. The exhibits filed with the motion of the defendant Arnold catalogue the course of events with sufficient clarity to alert even the most naive and ingenuous investor to the fact that DBFC, beset by the Scylla of mismanagement, was plunging into the Charybdis of bankruptcy. We can reach no conclusion except that the motion of the defendant, Joseph L. Arnold, for summary judgment should be granted.

## MORGAN

At the time Arnold's law firm was retained by DBFC Morgan was a member of the firm. While he handled certain matters for DBFC, Morgan had no part in preparing the DBFC initial prospectus. An examination of the record leads to the conclusion that after 1969 Morgan's involvement with DBFC was, at best, peripheral and that he was never an officer, director or stockholder of DBFC. Plaintiff's knowledge of Morgan's involvement with DBFC predated July 10, 1970, and was at least as extensive as their information concerning Arnold's involvement.

As has been noted above, Morgan's previous motion for summary judgment was denied and plaintiffs were granted leave to amend their complaint to plead fraudulent concealment on the parts of Morgan and Arnold. This amendment, more fully discussed above, has been determined to be insufficient to withstand the teaching of *Dayco, supra*.

We conclude that the ruling on Arnold's motion is equally applicable to Morgan's motion and it will be granted.

## CONCLUSION

Finally, plaintiffs urge the Court to withhold ruling on the pending motions until the Court of Appeals has had an opportunity to pass on the appeals now pending before it. We believe that no useful purpose would be served by delaying this matter further. This case will soon be 11 years old and the Court is of the opinion that the time has come to narrow its scope. We make this

determination after consideration of *Carothers v. Rice, supra.* The motion to withhold a decision on the motions of Arnold and Morgan will be denied.