**Isom J. DEAN, Appellant,**

**v.**

**Daisy Mae GREGORY et al., Appellees.**

Court of Appeals of Kentucky.

March 14, 1958.

As Modified on Denial of Rehearing
Dec. 12, 1958.

Odgen, Galphin & Abell, Malcolm Y. Marshall, Louisville, John M. Lyttle, Manchester, for appellant.

Roy W. House, Manchester, for appellees.

CLAY, Commissioner.

This is an appeal from a judgment which (1) set aside a former judgment expunging from the records of the Clay County Court a marriage certificate, and (2) adjudged that Isom Dean and Daisy Mae Gregory are lawfully married. Isom, the appellant, contends the trial court erroneously set aside the former judgment because Daisy Mae did not institute the present proceeding within the time prescribed by the Rules of Civil Procedure or the Civil Code of Practice.

The parties have had an interesting history together and apart. In 1938 they began living together in Clay County, Kentucky, and cohabited as man and wife for at least nine years. Four children were born to this couple.

In 1942 they moved to Baltimore, Maryland, where they both now live. They subsequently separated, either in 1947 (according to Isom) or 1951 (according to Daisy Mae). Since 1947 Daisy Mae has had five more children, the last being born in December, 1953. In May of 1952 Isom married another person, and two children were born of that marriage.

In 1949 Daisy Mae returned to Kentucky to record in the Clay County Court a certificate of marriage purporting to show that she and Isom were married October 3, 1938. In 1950 Isom returned to Kentucky and filed suit in the Clay Circuit Court to have the recorded certificate stricken from the records on the ground that it was false and fraudulent. Constructive service was had on Daisy Mae, and on April 18, 1951, by judgment in that suit, the marriage certificate was cancelled and expunged from the county court records. It is this judgment which the Chancellor set aside in the present proceeding.

The present proceeding was commenced April 30, 1955. It is Isom's contention that this was too late regardless of what Civil Code of Practice or Civil Rule provision is applicable, and that the equities of the situation are such that Daisy Mae should not be permitted to set aside this former judgment under any circumstances.

The significant fact which Isom contends is controlling is that Daisy Mae had full knowledge of the proceedings and the judgment in the Clay Circuit Court at least as early as May 1951. This is shown by a verified complaint filed by her in a proceeding brought against him in Baltimore on May 11, 1951. Therein she alleged the facts relating to Isom's suit in the Clay Circuit Court. Subsequently in the Baltimore suit and other actions filed by her in that city, the entire record of the proceedings in the Clay Circuit Court, including the judgment, was filed in the Baltimore courts. Not later than November 9, 1953, it is positively established, Daisy Mae had full knowledge of these entire proceedings and the judgment.

Her motion to set aside this judgment was not made until April 1955.

Under section 414 of the Civil Code of Practice, upon which the Chancellor based his decision, a party constructively summoned had five years within which to initiate proceedings to set aside a judgment. Isom contends that this Code section does not apply because it was superseded by CR 4.10, which reduced the period to one year. It is argued that CR 4.10 is controlling because the original proceeding was not "pending" on July 1, 1953 when the new Civil Rules took effect, and even if it was then pending, the new Rules apply because there was no showing and no order to the effect that the application of the new Rules would not be feasible or would work injustice. CR 86.

CR 86 provides as follows:

"These rules shall take effect on July 1, 1953. They govern all proceedings and actions brought after they take effect, and also further proceedings and actions then pending, except to the extent that in the opinion of the proper court, expressed by its order, their application in a particular action pending when the rules take effect would not be feasible, or would work injustice, in which event the procedure existing at the time the action was brought applies."

Under this provision the new Rules apply to the present proceeding unless there is some good reason why they should not apply. Isom contends that they automatically apply because the former proceeding, which had ended in a final judgment, was no longer "pending" when the new Rules took effect July 1, 1953. Since that judgment was subject to direct attack within the five year period prescribed by section 414 of the Civil Code of Practice, it could be said that the original action was still, in a sense, pending. We do not decide this question, but will assume the Civil Code of Practice, under proper circumstances, could have been made applicable to the present proceeding.

No such order was entered by the trial court, and we do not think such an order would have been justified. The Civil Code of Practice could be made to apply only if the application of the new Rules would (1) not be feasible, or (2) would work injustice. Clearly the application of the new Rules would be feasible, and our only question is whether or not they would work injustice.

Daisy Mae contends that to apply the new Rules would be to give them a retroactive effect, which is not favored. The general rule is that statutes will not be given a retroactive effect if (1) they impair vested rights, or (2) the intention to give retroactive effect is not clearly expressed. Dumesnil v. Reeves, 283 Ky. 563, 142 S.W. 2d 132. However, a party does not have a vested right in a particular procedural remedy. General Refractories Co. v. Henderson, 313 Ky. 613, 232 S.W.2d 846. The new Rules did not cut off Daisy Mae's right to attack this judgment on the same grounds as theretofore existed. CR 4.10 simply reduced the period of time for commencing the new proceeding from five years to one. Under the principle that when a procedural rule shortens a period of time for taking some action, the time begins to run from the adoption of the rule, Daisy Mae had a full year after July 1, 1953 within which to attack this judgment.

To the extent that CR 86 may be considered retroactive, the Rule is very clear in expressing the intention that the new Rules shall govern all proceedings in all cases regardless of when they were commenced, unless good cause is shown why they should not apply.

As heretofore pointed out, Daisy Mae was fully aware, in May 1951, of the proceedings brought by Isom. The judgment was already more than two years old on July 1, 1953. After that date she had another year within which to attack the judgment. Surely it could work no legal injustice to require her to take timely action against a judgment which so vitally affected the status of the parties. She presents no reason in her brief, and the record

fails to disclose a justification for such long delay after knowledge of the original proceedings and judgment. (It may be noted that section 415 of the Civil Code of Practice reduced the period for attacking a judgment entered on constructive service to one year after the defendant is given notice of the judgment by virtue of being served with a certified copy.)

We are of the opinion that no valid reason is shown why CR 4.10 should not be controlling, and under its provisions Daisy Mae failed to take action within the time prescribed.

She contends that the present proceeding is really not under section 414 of the Civil Code of Practice, or CR 4.10, but was initiated under CR 60.02, or is an independent action authorized by the latter Rule. The difficulty with this position is that CR 4.10 afforded her a complete and adequate remedy, and the other remedies provided by CR 60.02 cannot be invoked to avoid the time limitations of that Rule. Otherwise a judgment would never become final. We think the termination of litigation is particularly important when the judgment involved is one which affects the marital status of the parties.

It is further contended that Daisy Mae's motion and petition to set aside the judgment was based upon fraud, and that KRS 413.120(12) allows such an action to be brought within five years. It seems clear to us that this statute relates to original actions for fraud, and that proceedings to set aside a judgment for fraud are governed by the provisions of the Civil Rules. Even if, as she contends, CR 4.10 is not controlling, it is apparent that under CR 60.02(3) the time limitation is one year. If there is a conflict between the statute and this Civil Rule, which we do not think exists, the Civil Rule would govern. KRS 447.154 and 447.156.

It is contended, however, that Rule 60.02 authorizes an independent action without time limitation for "fraud upon the court". We do not think the fraud alleged is of this character. See Dowdy v. Hawfield, 88 U.S.App.D.C. 241, 189 F.2d 637. In any event, relief by independent action should not be granted in the absence of a sufficient reason why other available remedies have not been invoked. Wm. Goldman Theatres, Inc., v. Loew's Inc., 3 Cir., 163 F.2d 241.

Daisy Mae further contends the original judgment was void because it was an action in personam and she was not personally served with summons. It seems clear that Isom's action was one in rem since it involved only the authenticity of a public record.

It is further contended on behalf of Daisy Mae that her children were indispensable parties to the original proceeding. While they may have been affected by that judgment, they had no legal interest therein which would require them to be made parties. If this contention was sustained, then the judgment which Daisy Mae obtained and is the subject of this appeal would be void because the children were not made parties to this proceeding.

From this record we cannot decide whether or not Daisy Mae and Isom were ever married. An unfortunate situation exists which now cannot possibly be straightened out satisfactorily regardless of whether the marriage is confirmed or denied. However, the original judgment affecting the marital status must be respected. That judgment may only be set aside for justifiable cause in accordance with the procedure authorized for such extraordinary relief. The record shows that Daisy Mae failed to contest that judgment within the time required by the applicable Civil Rule after having full knowledge of the judgment and Isom's subsequent marriage.

We find no legal or equitable ground authorizing the trial court to set aside the original judgment.

The judgment is reversed for consistent proceedings.