**Richard D. SAMMONS, Appellant,**

v.

**TURNER ELKHORN MINING COMPANY et al., Appellees.**

Court of Appeals of Kentucky.

June 28, 1968.

Charles A. Taylor, Perry & Taylor, Paintsville, for appellant.

Fred G. Francis, Howard, Francis & Howard, Prestonsburg, Thomas Emerson and Martin Glazer, Dept. of Labor, Special Fund, Frankfort, for appellee.

WADDILL, Commissioner.

The only question presented on this appeal is whether appellant's claim for workmen's compensation benefits was barred by the statute of limitations found in KRS 342.316(3).

Appellant last worked in appellee's coal mine on May 7, 1961. On April 5, 1967, he filed a claim for compensation alleging he had contracted silicosis as a result of this employment. Appellee pleaded that the claim was barred by KRS 342.316(3), which in pertinent part states:

"The right to compensation for any occupational disease shall be forever barred unless a claim is filed with the Workmen's Compensation Board within five years from the last injurious exposure to the occupational hazard."

When it was established that appellant's claim was filed approximately five years and eleven months after the date of his last employment, the board held that the claim was barred by the provision of KRS 342.316(3). The circuit court upheld the board's decision.

Appellant contends that the provisions of KRS 342.316(3) do not apply to his claim because he was last injuriously exposed to the occupational hazard prior to the enactment of this statute. In support of his contention he points to the history of the limitation provision in the Workmen's Compensation Act. This shows that prior to 1960 claims for compensation based upon disability emanating from silicosis were required to be filed within three years after the last injurious exposure to silica dust. This provision was deleted from the statute by the Legislature, effective June 1960. In 1962 the occupational disease section was amended to require claims stemming from silicosis be filed with the Workmen's Compensation Board within five years from the last injurious exposure to the occupational hazard. This amendment became effective on March 22, 1962. Thus, between June 1960 and March 1962 there was no statute limiting the time in which a silicosis claim had to be filed.

It is argued that in this situation the applicable rule is that appellant should be given a reasonable time, after the passage of the limitation statute, to file his claim. Reliance is had upon Heath v. Hazelip, 159 Ky. 555, 167 S.W. 905, which expresses the rule thusly:

"* * * But as statutes relating merely to the remedy upon a contract do not give vested rights or impair the obligation of contracts, the remedy of a party upon an existing contract may be changed, although the law affecting the change effects actions then pending. Statutes of limitation relate only to the remedy, and may be altered or repealed before the statutory bar has become complete, but not after, so as to defeat the

effect of the statute in extinguishing rights of action; *but they cannot limit existing claims without allowing a reasonable time after their passage for parties to bring an action.* * * *." (For a further discussion of the rule see: Kiser v. Bartley Mining Company, Ky. 397 S.W.2d 56; 34 Am.Jur., Limitation of Actions, Sections 7–11).

We believe the short and complete answer to appellant's contention is that he was provided reasonable time, after the enactment of KRS 342.316(3), in which to file his claim. In this connection we observe that in personal injury situations one year is deemed adequate time in which to file a claim. The appellant having waited over five years since his last employment and over three years since the five-year limitation became effective, we conclude that the board and the circuit court correctly held the claim was barred.

The judgment is affirmed.

All concur.