CITY OF OWENSBORO, Kentucky, et al., Appellants,

v.

FIRST U. S. CORPORATION et al., Appellees.

Court of Appeals of Kentucky.

Oct. 31, 1975.

Hugh D. Moore, Richard D. Gilliam, Jr.; Gilliam & Moore, Owensboro, for appellants and cross appellees.

Wells T. Lovett, Lovett, Kusch & Wible, Owensboro, for appellees-cross appellants.

Kenneth N. Ragland, Calhoun, for appellee Bill F. Sutton.

Wilson, Wilson & Plain, Owensboro, for appellee Irby Seay d/b/a Irby Seay Engineers.

REED, Chief Justice.

The issue for decision is the proper statute of limitations applicable to a claim by a purchaser of securities against the seller that the sale was induced by actionable misrepresentation. The circuit court held that the two-year limitations section of the Kentucky Blue Sky Law, KRS 292.-480(3), applied to the claim asserted and that the action was barred. We agree for the reasons later stated.

Appellants, plaintiffs in the court below, sued the defendants-appellees concerning the purchase of certain bonds. Plaintiffs alleged that defendants "by virtue of written representation known to the defendants to be false and fraudulent but which plaintiffs believed to be true and upon the truthfulness plaintiffs relied, induced the plaintiffs to purchase from the defendants, First U. S. Corporation, certain bonds." (Brief for Appellant, 2). The action was instituted less than five years but more than two years from the date of sale. Later, by amended complaint, other defendants were added. The amended complaint, although filed more than five years after the date of sale, alleged that the actionable misconduct of these additional defendants "was discovered by the plaintiffs in the winter of 1965, less than five years before the amended complaint bringing in the additional parties was filed." (Brief for Appellant, 3). The trial judge dismissed the plaintiffs' action on the ground that the two-year period of limitations contained in the Kentucky Blue Sky Law (KRS 292.480(3)) barred the plaintiffs' claims.

The plaintiffs concede that the trial judge was supported by precedent on which he relied. The case of *First State Bank of Pineville v. Slusher,* 267 Ky. 190, 101 S.W.2d 661 (1937), construed the Kentucky Blue Sky Law as enacted in 1932, in an action against a bank for fraud in the sale of worthless bonds in violation of the Blue Sky Law, to bar the action by its two-year period of limitations as against the purchaser's contention that the action was governed by general statutes of limitations applicable to actions for relief on the ground of fraud.

In *Slusher* the court stated that our Blue Sky Law provided a remedy for the purchaser when he was induced by misrepresentation to purchase securities that are subject to the provisions of the law. The court remarked that the Legislature had seen fit to limit the limitations period to two years and prescribed no saving clause creating any exception. The court also said that although the statute created new remedies such as the right to rescind the sale for a failure to register the securities sold, the statute also provided a remedy where the purchaser was induced to purchase by misrepresentation.

Although plaintiffs severely criticize the court's reliance in the *Slusher* holding upon an earlier case, *Thomas v. Fidelity & Casualty Co. of New York,* 258 Ky. 360, 80 S.W.2d 8 (1935), nevertheless, they have afforded us no answer to the simple propo-

sition that the Kentucky Blue Sky Law, since 1932, has been judicially construed to afford the remedy available to a purchaser induced by misrepresentation to buy securities subject to the Act, and that the period of limitation for such an action is two years from the date of sale as provided in the Blue Sky Law, KRS 292.480(3). The revisions in the Kentucky Blue Sky Law in 1960 and in 1972 contain no language evidencing a legislative design to change the *Slusher* result.

The civil remedies section of the Blue Sky Law, KRS 292.480(1), by its terms, applies to *any* person who "offers or sells a security by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made in the light of the circumstances under which they are made not misleading (the buyer not knowing of the untruth or omission) . . . ." That language precisely describes the gist of the plaintiffs' action in this case. Although there are no recitations in the Kentucky Blue Sky Law that its remedies are to be construed as additional to any other remedies provided by law, as is true in the Blue Sky Law enactments of some other states, there is a declaration in the Kentucky Blue Sky Law, however, that nothing in its provisions limit the power of the state to *punish* any person for any conduct which constitutes *a crime* by statute or at common law. KRS 292.991(3).

Thus, it would appear that the judicial construction made in *Slusher* concerning the civil remedy for misrepresentation in the sale of a controlled security was, to say the least, acquiesced in by the legislature. The lot of the seller is made more onerous by the Blue Sky Statute in misrepresentation cases when it allows recovery where the seller "does not sustain the *burden of proof that he did not know and in the exercise of reasonable care could not have known of the untruth or omission,* . . ." KRS 292.480(1) (emphasis supplied). Some of the inhibiting strictures of the law of misrepresentation are relaxed and the price

exacted is the shortened limitations period. It seems to us that this is a matter of legislative policy. If the legislature would choose to make the blue sky remedy for sale by misrepresentation cumulative, it is free to do so, but in our view it has not done so yet.

The plaintiffs rely upon *Detwiler v. Glavin,* 377 Mich. 1, 138 N.W.2d 336 (1965). We think the reliance is misplaced. The Michigan court dealt with a state Blue Sky Law that confined itself to requirements that securities be registered. The civil remedy provided was a consequence of a failure to properly register the security. The state did not undertake to deal with sales of registered securities by misrepresentation, thus the Michigan general statute governing actions founded upon misrepresentation was held controlling. Additionally, the Michigan court was not dealing with a prior judicial construction to the contrary when it decided *Detwiler.* This significance of the difference in state statutory schemes was noted by the Federal 6th Circuit Court of Appeals in *Charney v. Thomas,* 372 F.2d 97 (1967). We, therefore, hold that the trial judge properly applied the blue sky two-year limitation statute to the plaintiffs' claim.

■ Plaintiffs also argue that they properly pleaded a federal claim under the Federal Securities Law, 15 U.S.C.A. § 77q. It was conceded that the Kentucky courts have jurisdiction over plaintiffs' claim under this statute and that since the statute provides no limitation period for actions under it, the appropriate limitation period of the State of Kentucky was to be applied. Again, plaintiffs contend that the Kentucky general statutes governing actions for fraud and deceit or actions based on a statute are the applicable statutes. We disagree. It would appear again that the blue sky limitation period should apply as "the most appropriate state statute applicable" to the claim. In the first place, the provisions of 15 U.S.C.A. § 77q are almost copied verbatim in the Kentucky Blue Sky Law.

See KRS 292.320. In the second place, as has been discussed, the Kentucky civil remedies section gives a purchaser oriented action for either intentional or negligent misrepresentation in the sale of securities. That is the gist of the plaintiffs' action under their federal claim. The Federal Circuit Court of Appeals for the 8th Circuit applied the shorter limitations period contained in the Arkansas Blue Sky Law in *Vanderboom v. Sexton,* 422 F.2d 1233 (1970).

Plaintiffs argue that *Vanderboom* is out of step with the weight of federal authority. They would have us follow *Douglass v. Glenn E. Hinton Investments, Inc.,* 440 F.2d 912 (9th Cir. 1971). There the federal intermediate appellate court applied the State of Washington's general limitations statute concerning actions based on fraud rather than the Washington Blue Sky Law's shorter limitation period. In *Douglass,* however, the federal court had a precedent of its own on which to rely. It chose to ignore a subsequent change that had been made in the Washington Blue Sky Law. It appeared to rely upon a theory of stare decisis when the opinion noted that persons had come to rely on its prior holdings and that reasonable stability in laws pertaining to voluntary relationships between parties and the right of access to the courts to question those relationships is a worthwhile objective.

Rather than supporting plaintiffs' approach, the 9th Circuit's rationale would appear to be more supportive of our approach in view of the existence of *Slusher* and the subsequent legislative attitude toward its holding. We, therefore, decline to follow *Douglass* and regard *Vanderboom* as the better reasoned opinion. We hold that the plaintiffs' claim based on the federal statute was also barred by KRS 292.480(3).

There is a cross appeal presented by several of the later added defendants in which it is argued that they were never properly brought before the trial court. Our holding concerning the applicability of the statute of limitations renders these issues academic.

The judgment, both on the original appeal and the cross appeal, is affirmed.

All concur.