765 F.2d 145
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
LOUISE JONES, PLAINTIFF-APPELLANT,
v.
LOHREN F. MARTIN AND WILLIAM L. ROSE, DEFENDANTS-APPELLEES.
 NO. 84-5069
 United States Court of Appeals, Sixth Circuit.
 5/13/85
 
 ORDER
 BEFORE: KEITH and MARTIN, Circuit Judges; and EDWARDS, Senior Circuit Judge.
 
 
 1
 This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After examination of the record and the briefs filed by the parties, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Louise Jones is appealing the dismissal of her Kentucky legal malpractice action in district court. The issue on appeal is whether the district court correctly applied the Kentucky one year statute of limitations as provided in KRS Sec. 413.245. The malpractice action surrounds the sale of Kentucky real property to the appellant, an Ohio resident. The appellant's brother had sold her the property and subsequently sued to reacquire title. The Kentucky courts found for the brother pursuant to a constructive trust theory. Martin and Rose represented the appellant throughout the litigation. The appellant found that she had a basis for a legal malpractice action on August 25, 1978. This diversity action was filed in district court on September 21, 1981.
 
 
 3
 When a federal court's jurisdiction is based solely on diversity of citizenship, the federal court must apply state law. Erie R. Co. v. Tompkins, 304 U.S. 64 (1938). Under Kentucky law, a statute of limitations begins to run when the potential plaintiff perceives that he has been wronged. Conway v. Huff, 644 S.W.2d 333 (Ky. 1982). In this case, difficulty in applying KRS Sec. 413.245 arises because it went into effect on July 15, 1980, almost two years after the appellant perceived that she had been wronged. Before the enactment of Sec. 413.245, arguably a five or ten year statute of limitations applied. KRS Sec. 413.120(1); KRS Sec. 413.160. A statute of limitation which shortens the period of time within which an action may be taken is constitutional if the prospective plaintiff is afforded a reasonable time in which to bring the suit. Terry v. Anderson, 95 U.S. 628 (1877); Texaco Inc. v. Short, 454 U.S. 516, 527 n.21 (1981); Heath v. Hazelip, 167 S.W. 905, 159 Ky 555 (1914); Sammons v. Turner Elkhorn Mining Co., 430 S.W.2d 340 (Ky. 1968). The determination of what constitutes a 'reasonable time' is a matter for the trial court to determine. Heath v. Hazelip, supra. Kentucky courts have implicitly held that a reasonable time is the amount of time allotted in the new statute from its effective date. Dean v. Gregory, 318 S.W.2d 549 (1958). The action in this case was filed more than one year after the effective date of KRS Sec. 413.245. Consequently, the district court was correct in applying the one year statute of limitations. See Conway v. Huff, supra.
 
 
 4
 The appellant also contends that it is discriminatory to apply a one year statute of limitations in cases concerning professionals and a five year statute of limitations in other cases involving oral contracts. Statutes of limitations are practical and pragmatic devices to spare the courts from litigation of stale claims and the citizens from being put to defense after memories have faded, witnesses have died or disappeared, and evidence has been lost. Chase Securities Corp. v. Donaldson, 325 U.S. 304, 314 (1945). Because the statutes are by best definition arbitrary, they are best left to legislative determination and control; normally, therefore, states are free to set periods of limitation without fear of violating some provision of the constitution. Mills v. Habluetzel, 456 U.S. 91, 101 n.9 (1981). In this case, the protected interest appears to be the appellant's access to the courts. As aforementioned, the appellant's access to the courts has not been unduly restricted because the one year statute is reasonable. Given the deference afforded the states in enacting a statute of limitations, the appellant's claim of unlawful discrimination is without merit.
 
 
 5
 Accordingly, it is ORDERED that the district court be affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.