Burks WILLIAMS, Jr. and his wife Pauline Williams; John Wolfe and his wife Virginia Wolfe; Elmer Caple and his wife Martha Caple; Neill B. Williams; Coleman Robison and his wife Nancy Robison; H.G. Shaw Company, Inc. and Bullitt Investment Co., Inc., Appellants,

v.

CITY OF HILLVIEW and Chris Gorman, Attorney General, Appellees.

No. 91–SC–342–DG.

Supreme Court of Kentucky.

June 4, 1992.

John E. Spainhour, Givhan & Spainhour, P.S.C., Shepherdsville, for appellants.

Mark E. Edison, Shepherdsville, Chris Gorman, Atty. Gen., Frankfort, for appellees.

WINTERSHEIMER, Justice.

This appeal is from a decision of the Court of Appeals which affirmed a sum-

mary judgment in a declaratory judgment action which upheld an annexation ordinance adopted by the City of Hillview.

The issue presented is whether the Court of Appeals properly applied the holding in *Merritt v. City of Campbellsville*, Ky. App., 678 S.W.2d 788 (1984). Other issues raised are whether the annexation ordinance was properly adopted at a special meeting pursuant to K.R.S. 61.825; whether the annexation ordinance described the land to be annexed accurately; whether K.R.S. ch. 81A is unconstitutional in regard to the annexation ordinance; and whether the annexation is a prohibited corridor annexation. The other issues were not addressed in the summary judgment entered in favor of the city.

The Court of Appeals affirmed the circuit court holding that the failure of 50 percent of the registered voters or landowners to protest the annexation was dispositive. A threshold question in this Court is whether resident voters and landowners who failed to timely protest the adoption of an annexation ordinance pursuant to K.R.S. ch. 81A may raise constitutional or other legal challenges to the ordinance after its adoption.

The summary judgment of the circuit court addressed only the question of whether a sufficient number of landowners or resident voters timely remonstrated so as to require placement of the annexation question on the ballot in the next election.

Under the annexation statutes relating to a city of the fourth class, such as Hillview, which were in effect at the time of these proceedings, a referendum was to be held at the next election if 50 percent of the protesters filed a petition for an election on the proposed annexation. The property is thereafter annexed unless 75 percent of the qualified voters in the area proposed for annexation vote against annexation. This Court understands that the statutes were changed in 1988 so that now only 55 percent of the persons voting can defeat annexation.

*Louisville Shopping Center, Inc. v. City of St. Matthews*, Ky., 635 S.W.2d 307 (1982) upheld the constitutionality of an annexa-

tion statute in a city of the third class and observed in part:

> However, a party has no constitutional right to resist annexation. Annexation is purely and simply a political act within the exclusive control of the legislature.... The right to present defenses to annexation is a statutory privilege. The state may change or take away rights which were created by it although it may not take away property which has vested by virtue of such rights.

*Louisville Shopping Center, supra,* concluded that the annexation statute did not violate Section 2 of the Kentucky Constitution because annexation and its procedures do not involve constitutional rights but merely provide a method whereby citizens are given the opportunity to overcome a decision which they believe is adverse to their interests.

In a 1984 decision of the Court of Appeals which was ordered published by this Court, *Merritt, supra,* held in part:

> Our state is committed to the proposition that persons adversely affected by an ordinance may directly attack same as being contrary to the statutory scheme or constitution, even though they fail to remonstrate when the ordinance was enacted. *See City of Erlanger v. American Isowall Corp.*, Ky.App. 607 S.W.2d 128 (1980); K.R.S. 418.045. The rule is that an improperly enacted ordinance cannot stand as being merely voidable. It is void.

K.R.S. 418.045, the declaratory judgment statute, states that any person whose rights are affected by statute, municipal ordinance or other governmental regulation may apply for and secure a declaration of rights.

The circuit judge apparently concluded that the central issue was whether the election should be held and that this was dispositive of the case. The Court of Appeals found no reversible error in the decision of the trial judge. We do not agree.

█ The relevant Kentucky rule relating to summary judgment is CR 56.03 which provides that summary judgment

must be viewed in a light most favorable to the party opposing the motion and all doubts are to be resolved in that party's favor. Even though the trial court may believe the party opposing summary judgment may not succeed at trial, it should not render summary judgment if there is any genuine issue of material fact. On a motion for summary judgment, the circuit court must examine evidence not to determine any question of fact but to discover if there is a real issue. Summary judgment must not be used to end the rights of litigants to a trial if they have a triable issue.

■ In a motion for summary judgment, the movant must convince the court by evidence in the record of the nonexistence of an issue of material fact. The movant for summary judgment should not succeed unless the right to judgment is shown with such clarity that there is no room left for controversy and it appears impossible for the nonmoving party to produce evidence at trial warranting a judgment in his favor. Summary judgment is to be used very cautiously and is not a substitute for trial, nor can it be used to deny the right of litigants to trial if they have a viable issue merely for the sake of expediency or efficiency. These principles, as expressed in *Paintsville Hospital Co. v. Rose*, Ky., 683 S.W.2d 255 (1985), have been Kentucky law for decades. This Court removed all doubt which may have arisen as a result of certain decisions of the United States Supreme Court in our unanimous opinion in *Steelvest, Inc. v. Scansteel Service Center, Inc.*, Ky., 807 S.W.2d 476 (1991), regarding the vitality and stability of the Kentucky summary judgment rule.

■ Here the decisions of the trial court and the Court of Appeals failed to consider the holding in *Merritt*. Neither court addressed the issues raised by the appellants who attacked the validity, sufficiency and constitutionality of the annexation ordinances. Remonstrators should not be denied their right to a full day in court in order to demonstrate by probative evidence how the description of the territory to be annexed is inaccurate or fails to describe the land; how the ordinance proposing annexation was improperly adopted at a special meeting without notice as required by K.R.S. 61.825; why K.R.S. Chapter 81A is unconstitutional as applied in this situation, and whether the annexation is an impermissible corridor annexation.

The right to contest the annexation ordinance exists independently of whether the protestors, or appellants in this case, have filed a timely and sufficient protest to require an election on the annexation question. *Cf. Merritt.*

The decision of the Court of Appeals is reversed and this matter is remanded to the circuit court for an application of the rules of summary judgment to the situation presented.

All concur.