**FIRST KENTUCKY TRUST COMPANY, Appellant,**

v.

**Barbara Bullitt CHRISTIAN, Barbara Porter Watkins, Lowry Watkins, Jr. and Marshall Bullitt Watkins, Appellees.**

**No. 92–SC–276–DG.**

Supreme Court of Kentucky.

March 18, 1993.

Robert W. Griffith, Carol Dan Browning, T. Morgan Ward, Jr., Catherine Tang, Stites & Harbison, Louisville, for appellant.

Jackson M. Andrews, J. Michael Poole, Harold G. Wren, Louisville, of counsel, to appellees.

OPINION OF THE COURT

WINTERSHEIMER, Justice.

This appeal is from a decision of the Court of Appeals which reversed a circuit court order granting summary judgment dismissing the claim against the trust company filed by trust beneficiaries for an alleged breach of fiduciary duty. The circuit court dismissed the action because it believed the suit was barred by the statute of limitations.

We have granted discretionary review because there appears to be genuine confusion as to the appropriate statute of limitations for an action against a trustee for breach of a fiduciary duty. The principal issue is the appropriate statute of limitations.

The circuit court summarily dismissed the suit against the trustee because it held that an action must be brought within five years of the alleged breach pursuant to K.R.S. 413.120(5). A majority of the Court of Appeals reversed the circuit court holding that pursuant to K.R.S. 386.735 and K.R.S. 413.340, a suit could be brought any time during the existence of the trust as long as the trustee had not repudiated the trust. A dissenting Court of Appeals opinion asserted that the opinion of the majority was in contravention of *Potter v. Connecticut Mutual Life Insurance Company*, Ky., 361 S.W.2d 515 (1962).

In this case, the express inter vivos trust was created in 1969 by Nora Iasigi Bullitt. The original corpus of the trust consisted of 70 shares of Beargrass Corporation common stock and had grown to 1500 shares by the time of Mrs. Bullitt's death. The Beargrass Corporation holds the leases on the land in Jefferson County on which the Oxmoor Shopping Mall is located. The trust directed that upon Nora's death, her son Thomas Bullitt would receive one-third of the trust assets, which was 500 shares, outright, with the remaining two-thirds of the trust, being 1,000 shares, to be held in trust by the First Kentucky Trust Company for the benefit of her two daughters, Barbara Bullitt Christian and Nora Bullitt Leake, with the remainder to their children and grandchildren.

In 1977, the Board of Directors of the Beargrass Corporation authorized the offer of convertible debentures to shareholders. The contractual subscription offer provided that, at the option of the holder, any time prior to November 1, 1982, the debentures were convertible into common stock at $150 per share. In 1977, a trust officer at First Kentucky discussed the subscription offer with Barbara Bullitt Christian because the trust had no cash or other liquid assets with which to purchase the debentures. She stated that her family had no money to lend to the trust for such a purchase. Thomas Bullitt purchased a total of $150,-000 in convertible debentures which he subsequently converted in 1979 to Beargrass stock. The additional stock gave Thomas Bullitt 60 percent of the corporate stock and reduced the interest held by the trust to 40 percent.

The other trust beneficiaries believed they had been damaged. This consolidated action, instituted separately by two beneficiaries and later joined by the remaining trust beneficiaries, was filed in 1989 claiming that First Kentucky breached its fiduciary duty by failing to properly disclose to them the consequences of the purchase of the debentures by Thomas Bullitt, by failing to advise them of the available options to block his majority takeover, and by otherwise mismanaging trust assets. The circuit court dismissed the complaint on the grounds that it was not filed within the five year statute of limitations contained in K.R.S. 413.120(5). The Court of Appeals reversed and held that K.R.S. 386.735, not K.R.S. 413.120(5) was the applicable statute of limitations.

The legal question of this case involves the application of *Potter, supra*, which said by way of dicta that K.R.S. 413.340 has little, if any, significance as applied to trusts. The majority Court of Appeals opinion declined to follow *Potter* on the grounds that it is distinguishable.

K.R.S. 413.340 states "The provisions of this chapter shall not apply to a continuing or subsisting trust, nor to an action by a vendee of real estate in possession to obtain a conveyance." *Potter* contains the following language:

Insofar as it applies to trusts, KRS 413.-340 has little if any significance. It says and means merely that limitations will not run until there is a cause of action. A "subsisting trust" against which limitations do not run is neither more nor less than a trust in which the trustee is acting within his powers and the cestui que trust has no cause of action against him. See Bogert, Trusts and Trustees (2d ed.) Sec. 951. "The trusts intended to be embraced by the statute, and to be excepted out of the limitation, are those of an exclusively equitable character, where the trustee has a right to hold the estate, and the *cestui que trust* has no right to sue for it. Where, however, the latter has a right of action, and forbears to exercise it, the letter of our statute, as well as the policy of our law, gives the opposing party the right to rely upon the lapse of time." *Robinson's Committee v. Elam's Ex'x*, 1890, 90 Ky. 300, 14 S.W. 84. Since KRS 413.120 defines the period of limitation by reference to the accrual of the cause of action, KRS 413.340 merely gilds the lily.

The dissenting opinion in the Court of Appeals acknowledges that the *Potter* case is not factually similar to this case, and that some of the language in *Potter* was unnecessary to the decision of that court. However, the dissent maintains that because courts of this state have followed the decision as the definitive ruling on the question of the statute of limitations, the Court of Appeals could not refuse to follow it. *Cf. Salyers v. Allied Corporation*, 642 F.Supp. 442 (1986).

First Kentucky argues that the *Potter* decision reflects general trust law from other jurisdictions and legal treatises and should be followed. First Kentucky interprets the initial clause of K.R.S. 386.735 as limiting the application of the statute to claims not already barred by K.R.S. 413.-120. The suing beneficiaries claim that it is absurd to believe that a trust which continues to operate is not "continuing and subsisting" and that they did not realize the extent of their damage until 1989, at which time they filed suit.

The facts of *Potter* were that the husband died and through a testamentary trust left his estate to his widow "for and during her natural life, she to use the income therefrom, and so much of the principal thereof as necessary for her comfort" with the remainder on her death to their two children. Thereafter, the widow, using funds from the estate, purchased endowment policies, the proceeds of which her two children would receive as interest income for life, and at her death, with the remainder to her grandchildren in fee simple. The insurance company executed a declaration of trust at the time of the widow's death in 1941. At various times in the next three years, two children of the widow demanded that the insurance company pay the face value of the policies to them. The insurance company refused and the two children of the widow took no action until 1958? when they sued the insurance company. The court held that under these facts, K.R.S. 413.120(5) was the applicable statute of limitations because, if the children had any claim, it was that the insurance company was withholding the insurance proceeds to which the two children were entitled from and after the time of their mother's death. K.R.S. 413.340 did not apply because at the time the widow died, the testamentary trust terminated and the insurance company held the estate adverse to the two children. Therefore, the testamentary trust was no longer a "continuing and subsisting trust."

■ In this case, the trust is not terminated and there is no allegation that the trustee withheld or converted trust assets. Here, the suing beneficiaries seek damages for breach of a fiduciary duty while the trust is continuing and subsisting. Therefore, we agree with the Court of Appeals that *Potter* and *Salyers, supra* are distinguishable from this case. We hold that K.R.S. 413.120(5) was not the appropriate statute of limitation to be applied in this case.

Consequently, in order to resolve this case properly and to be of guidance to the legal profession in general, we must now consider what is the appropriate statute of limitations here.

*Bates v. Bates*, 182 Ky. 566, 206 S.W. 800 (1918) held that in an action by beneficiaries against a trustee, the statute of limitations does not begin to run until the trustee repudiates the trust and the beneficiaries have notice of such repudiation. Repudiation has been defined as a rejection or refusal of an offer or available right or privilege or of a duty or relation. *See* Black's Law Dictionary 667 (5th ed., 1983). *Bogert on Trusts and Trustees* (2d ed.) states that repudiation must be unequivocal and in violation of the duties of the trust. Section 952 at 554–555. In this case it cannot be asserted that the action by the trustee as alleged in this suit amounts to a repudiation.

■ K.R.S. 386.735 provides that once a trust terminates and a final accounting is made, the beneficiaries have six months from the final accounting in which to bring their action unless there is a lack of full disclosure, in which case they have three years. If a trust terminates and the trustee continues to hold the assets adverse to the beneficiaries or the trustee has repudiated the trust and notice of the repudiation has been given to the beneficiary, a five-year statute of limitations in K.R.S. 413.120 would apply, subject to the extension allowed in K.R.S. 413.130 for fraud or mistake.

■ K.R.S. 413.340 does provide "The provisions of this chapter shall not apply to a continuing and subsisting trust, nor to an action by a vendee of real property in possession to obtain a conveyance." Therefore, it is the holding of this Court that an action against a trustee for breach of fiduciary duty where the trust is continuing and subsisting and no repudiation has occurred may be brought any time during the existence of the trust pursuant to K.R.S. 413.340 and K.R.S. 386.735.

It should be observed that the decision of the Court of Appeals does not comment on the violation of the standards for summary judgment recently reaffirmed in *Steelvest, Inc. v. Scansteel Service Center*, Ky., 807 S.W.2d 476 (1991). It is interesting to note that in *Steelvest, Peoples National Bank v. Guier*, 284 Ky. 702, 145 S.W.2d 1042

(1940) was cited. That case held that a bank acted in bad faith by remaining passive and not taking any action to prevent a fiduciary from breaching his duties. *Williams v. City of Hillview*, Ky., 831 S.W.2d 181 (1992) reaffirmed that summary judgment is appropriate only where there is no room left for controversy and should be cautiously applied and not used as a substitute for trial.

■ The argument by the trust company that the 15–year statute of limitations for breach of a written contract applies here is unconvincing. Certainly an express trust was created by contract, but we believe in this case the proper cause of action for breach of a fiduciary duty is controlling as an equitable rather than a technically legal action. *Cf. Restatement (Second) of Trusts*, Sec. 199 (1959). Here, the duties of the trustee are not based on contract, but rather on the effect of the trust conveyance. Bogert, *Trust and Trustees*, Sec. 17 at 215 (Rev.2d ed. 1982).

The decision of the Court of Appeals is affirmed and this matter is remanded to the circuit court for trial on the merits.

STEPHENS, C.J., and COMBS, LAMBERT and LEIBSON, JJ., concur.

REYNOLDS, J., dissents by separate opinion in which SPAIN, J., joins.

REYNOLDS, Justice, dissenting.

I respectfully dissent from the majority opinion.

The majority punishes a party that deserves no punishment. The merits of the appellees' claim against the trustee are not at issue, but their submission of facts neither found nor contained in the record, along with charges involving Bullitt family disputes, serves no purpose but to create a distraction.

The majority opinion, skillful in part of its analysis, transcends the basic language of Articles 4.01, 4.02 and 4.03 of the trust agreement which clearly enunciates First Kentucky Trust Company's duties as trustee and reflectively discloses that the trustee's power is quite limited. In brief, the trustee is prohibited from disposing of shares, voting the shares, or reorganizing

unless *directed by the beneficiaries* or a *majority of the beneficiaries.*

The basic foundation of this case renders it a poor subject to effectuate a change in the law of trust. KRS 413.340 does not mean what the majority suggests, i.e., that there is no statute of limitations for a trustee's breach of fiduciary duty during the life of the trust. This particular statute provides only that the provisions of KRS Chapter 413 shall not apply to a continuing and subsisting trust. While the majority refers to the trust at issue as a continuing and subsisting trust, this particular instrument and the facts of this case do not rise to such a height. This Court has previously correctly defined a subsisting trust to be one against which limitations do not run, and is one in which the trustee is acting within his powers and the *cestui que* trust has no cause of action against him. *Potter v. Connecticut Mutual Life Ins. Co.*, Ky., 361 S.W.2d 515 (1962), Bogert, *Trusts and Trustees*, (2d ed.) § 951.

If the heirs have a cause of action against the trustee, then, by definition, the trust cannot be a subsisting trust. KRS 413.340 cannot prevent the statute of limitations found in KRS 413.120(5) from running. A limitation will not run until there is a cause of action. *Potter*, 361 S.W.2d at 516. Other courts have come to rely on this Court's definition of a subsisting trust as enunciated in *Potter*. *See, e.g., Salyers v. Allied Corp.*, 642 F.Supp. 442 (E.D.Ky. 1986). Quite candidly, our previous rule is just, workable and reasonable, and to continue with the *Potter* Court's interpretation of KRS 413.340 requires only that an injured party to whom a cause of action has accrued shall act within a statutorily designated period to seek redress.

It appears that this particular statute is intended to do no more than to restate the common law rule that the statute of limitations does not apply to direct or express trusts (which were under the exclusive jurisdiction of equity courts, as opposed to those trusts imposed by law) with respect to an action by a beneficiary to recover trust property from the trustee. The rea-

soning behind this common law rule was that possession of the trust property by the trustee was considered possession beneficially by the *cestui que* trust so long as the trustee continued to hold the trust property as trustee. During that period, no cause of action could accrue to obtain possession of the trust estate from the trustee. If, however, the trustee acted in repudiation of his trust, then an action to recover the trust property would lie and limitations would begin to run from the time of the repudiation or the time the repudiation became known by the *cestui que* trust. *See Robinson's Committee v. Elam's Ex'rx*, 90 Ky. 300, 14 S.W. 84 (1890); *Bates v. Bates*, 182 Ky. 566, 206 S.W. 800 (1918).

This action is not one to recover possession of trust property from the trustee, but rather to obtain damages for the alleged negligent performance of a duty owed by a trustee to beneficiaries of the trust. I believe KRS 413.340 has no application to such an action and the trial court should be affirmed.

SPAIN, J., joins this dissent.